IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HANNAH MOODY                                                                                           PLAINTIFF

VERSUS                                                         CIVIL ACTION NO.  3:19-CV-537-DPJ-FKB

WALMART INC., WAL-MART STORES
EAST, L.P., AND JOHN OR JANE DOES 1-10                                         DEFENDANTS

## AMENDED COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, HANNAH MOODY, by and through her attorneys of record, Tynes Law Firm, P.A., and files this her Amended Complaint, against the Defendants named herein, and in support thereof present the following to wit:

### I. PARTIES

1. The Plaintiff, Hannah Moody, is an adult resident citizen of Neshoba County, Mississippi, residing at 111 Meagan Street, Philadelphia, Mississippi.

2. The Defendant, Walmart Inc., (hereinafter "Walmart") is a foreign corporation organized and existing under the laws of Delaware and registered to do business in the State of Mississippi, with its principal office and place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and which may be served with process on its registered agent for service of process in the State of Mississippi, said registered agent being C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. The Defendant, Wal-Mart Stores East, L.P., is a foreign limited partnership organized and existing under the laws of Delaware and registered to do business in Mississippi, with its principal office and place of business located at 702 SW 8th Street, Bentonville, Arkansas

72716, and may be served with process through its registered agent for service of process in the State of Mississippi, said registered agent being C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4. Defendants, John or Jane Does 1 through 10, represent persons or entities whose identities are not currently known to the Plaintiff, but may become known to the Plaintiff during the course and scope of this litigation. In the event the identities of said persons/entities are discovered, their legal names/identities will be substituted in place of the John/Jane Doe fictitious Defendants in the time and manner provided by law.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 (diversity).

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, as a substantial part of the events and/or omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

7. At all material times, Defendants, Walmart Inc. and Wal-Mart Stores, East L.P., own and operate numerous retail stores throughout the United States and Mississippi, including a store located at 11333 Highway 49, Gulfport, Mississippi, store number 6323.

8. At all material times, Defendants maintain and control the stores' premises, including store number 6323.

9. Defendants place and maintain stacks of boxes on pallets within the aisles of their stores. At all material times, Defendants have specific knowledge of an increased risk to customers of falling boxes or other falling merchandise and/or products. Specifically, Defendants

have actual knowledge of this dangerous condition that is present at each store.  Nonetheless, Defendants have failed and refused to protect or warn its customers of this dangerous condition.

10. Plaintiff would show that on or about September 3, 2016, the Plaintiff, Hannah Moody, was an invitee of the Defendants in so much as she went upon the Defendants' premises in answer to the express or implied invitation of the Defendants for the use of the store services provided by the Defendants.  Plaintiff was shopping in Defendants', Walmart Inc. and Wal-Mart Stores East, L.P., store number 6323 located in Gulfport, Mississippi.

11. As Plaintiff was standing in an aisle, looking at an item she wanted to purchase, a stack of boxes was next to her on a pallet.  Suddenly, the boxes fell onto Plaintiff and knocked her to the floor, which caused injury to the Plaintiff.  Plaintiff went to the emergency room where she received treatment for her injuries.

12. Plaintiff would show that she has been seriously injured and sustained damages for which she is entitled to recover of and from the Defendants.

13. Both before and after the subject incident, other customers have been injured by falling boxes at various other Walmart stores in Mississippi and throughout the United States.

## COUNT I:

## BREACH OF DUTY AGAINST THE DEFENDANTS

### (PREMISES LIABILITY)

14. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13 in their entirety as though fully copied and stated herein.

15. Plaintiff would show that Defendants, Walmart Inc. and Wal-Mart Stores East, L.P., owed a duty to Plaintiff to exercise reasonable care to keep the premises in a reasonably safe condition, and to warn the Plaintiff of dangerous conditions not readily apparent to the Plaintiff,

but which the Defendants knew or should have known about through the exercise of reasonable care.

16. Defendants also owed a duty to Plaintiff not to create a dangerous condition on their premises, and to warn patrons of dangerous conditions that were created by the Defendants. Defendants were negligent in failing to make their premises reasonably safe for their customers in one or more of the following particulars:

   a. In placing and maintaining stacks of boxes or merchandise on pallets in the aisles of their stores;

   b. In placing and maintaining stacks of boxes and other merchandise on its shelves;

   c. In negligently creating, providing, and maintaining inadequately safe aisles throughout the store for customer passage;

   d. Failing to warn of the danger of falling merchandise or boxes despite having specific knowledge that falling boxes and merchandise pose a danger to its customers;

   e. Failing to warn of known dangerous conditions;

   f. Failing to protect customers from known dangerous conditions;

   g. Failing to guard against known dangerous conditions;

   h. Failure to implement policies and procedures to protect its customers from the dangerous conditions.

17. Defendants breached their duty to keep the premises in a reasonably safe condition for its patrons, including the Plaintiff, and to warn the Plaintiff of dangerous conditions not readily

apparent to the Plaintiff, but of which the Defendants knew or should have known in the exercise of reasonable care.

18. Defendants knew or should have known that the area in which the Plaintiff was injured was unsafe but refused to take reasonable measures to protect their patrons or warn their patrons. Defendants failed to exercise reasonable care with regard to the dangerous conditions they created.

19. Such acts and omissions by Defendants were the direct and proximate cause of Plaintiff's injuries.

## COUNT II:
## GENERAL NEGLIGENCE AND GROSS NEGLIGENCE
## AGAINST THE DEFENDANTS

20. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 in their entirety as though fully copied and stated herein.

21. Defendants' negligence, recklessness, carelessness, and/or gross negligence evidences a willful, wanton, or reckless disregard for the safety of others which consisted of, but is not necessarily limited to, the following facts or omissions:

   a. Failure of the Defendants to exercise reasonable care to keep the premises in a reasonably safe condition;
   b. Failure to warn Plaintiff of dangerous conditions not readily apparent to Plaintiff, but which the Defendants knew or should have known in the exercise of reasonable care;
   c. Failure to properly maintain the area before allowing its patrons to enter;
   d. Failure to hire qualified employees;

  e. Failure to properly train employees;

  f. Failure to properly supervise employees;

  g. Other acts or omissions that will be shown at the trial of this cause.

22. Such acts and omissions by Defendants were a direct and proximate cause of the Plaintiff's injuries.

23. Further, Plaintiff would show that the Defendants' acts and omissions constitute gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, thus entitling your Plaintiff to an award of punitive damages.

24. Plaintiff has suffered and continues to suffer injuries and damages as a direct and proximate result of the negligence, recklessness, carelessness and/or gross negligence of the Defendants.

25. But for the Defendants' acts of negligence, recklessness, carelessness, and/or gross negligence, described in the above paragraphs, the Plaintiff would not have suffered and continue to suffer the injuries and damages complained of herein.  The negligent, recklessness, careless, and/or grossly negligent conduct of the Defendants discussed herein above, were the proximate and/or contributing causes of the injuries suffered by the Plaintiff.

26. Plaintiff would show that as a direct and proximate result of the negligence, recklessness, carelessness, and/or gross negligence of the Defendants and/or their agents employees, and representatives, she was severely injured, and sustained personal injury, suffered physical pain and suffering, mental pain and suffering and incurred certain expenditures and obligations for medical expenses for which she is entitled to recover as damages as will be shown by great proof at the trial of this cause.

27. Plaintiff has incurred medical bills and may continue to need reasonable and necessary medical treatment for which she is entitled to recover of and from the Defendants.

28. Plaintiff would show specifically that she is entitled to all damages afforded her under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Plaintiff would show other damages and injuries to be shown at the trial of this matter.

29. Plaintiff would show that the acts and omissions of the Defendants are so grossly negligent as to constitute a willful, wanton, or reckless, disregard for the safety of others, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

## COUNT III:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## AND PAIN AND SUFFERING

30. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 in their entirety as though fully copied and stated herein.

31. As a direct result of the Defendants' negligent acts in its failure to maintain a safe, hazard free store for their invitees' use, Plaintiff has suffered the following damages:

    a. Plaintiff suffered an injury while an invitee on the Defendants' premises;

    b. Plaintiff suffered a long recovery that is still ongoing and may require one, if not multiple future surgeries, and

    c. Plaintiff suffered and continues to suffer a long rehabilitation period.

## COUNT IV

## DAMAGES

32. Plaintiff adopts and incorporates paragraphs 1-31 above as though fully copied herein.

33. As a direct and proximate result of the aforementioned breaches of duty by the Defendants, Plaintiff has suffered injuries and sustained damages, continues to suffer injuries and damages, and is entitled to damages for which there are provisions under the laws of the State of Mississippi, including but not limited to the following:

    a. Past, present, and future physical pain and suffering;

    b. Past, present, and future emotional distress, mental anguish, anxiety, worry, and other such damages;

    c. Past, present, and future loss of enjoyment of life;

    d. Past, present, and future expenses for medical, hospital, drugs, and other allied health services;

    e. Past, present, and future, if any, lost wages;

    f. Loss of society and companionship;

    g. Loss of enjoyment of life, humiliation, degradation, and other such damages;

    h. Punitive damages;

    i. Special Damages;

    j. Such other damages as may be determined by law or fact;

    k. Attorney's fees; and

    l. Any and all costs, litigation costs, expert fees, penalties, and interest (pre- or post-judgment), that may be applicable under the laws of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Hannah Moody, prays that her Amended Complaint be received, filed, and served on the Defendants herein.  Plaintiff further requests a jury trial and after said trial, requests a judgment be entered against the Defendants, Walmart Inc., Wal-Mart Stores East, L.P., and John or Jane Does 1-10, for an amount in excess of the jurisdictional minimum of this Court, for any and all actual, compensatory, and punitive damages as a result of Defendants' negligence, recklessness, carelessness, and/or gross negligence, emotional distress, together with interest from the date of the accident, attorney's fees and all costs of court to accrue to be determined at a trial hereon; and

Petitioner prays for such other, further and/or more general relief to which she may be entitled.

DATE: November 8, 2019.

Respectfully submitted,
HANNAH MOODY

BY: */s/ Courtney P. Wilson*
    COURTNEY P. WILSON, MSB # 103531
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, COURTNEY P. WILSON, do hereby certify that I electronically filed the above and foregoing *Amended Complaint,* with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

W. Pemble Delashmet
Chad C. Marchand
Mignon M. Delashmet
DELASHMET & MARCHAND, P.C.
P. O. Box 2047
Mobile, AL  36652

SO CERTIFIED on this the 8th day of November, 2019.

*/s/ Courtney P. Wilson*
COURTNEY P. WILSON


COURTNEY P. WILSON (MSB # 103531)
TYNES LAW FIRM, P.A.
525 Krebs Avenue (39567)
P.O. Drawer 966
Pascagoula MS 39568-0966
(228) 769-7736 Office
(228) 769-8466 Facsimile
courtney@tyneslawfirm.com