UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HANNAH MOODY                                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 3:19-CV-537-DPJ-FKB

WALMART, INC., ET AL.                                              DEFENDANTS

ORDER

This premises-liability case is before the Court for the third time on a dispute about the

scope of discovery.  After considering the parties' submissions and recent developments, the

Court concludes that its prior Order [114] denying Plaintiff's appeal of a discovery order from

the magistrate judge should be modified.  Plaintiff's Motion for Relief from Order [115] is

granted to the extent addressed below.

I.        Facts and Procedural History

Plaintiff Hannah Moody alleges that, on September 3, 2016, she was shopping at a Wal-

Mart store located in Gulfport, Mississippi, when "a stack of boxes . . . on a pallet . . . fell onto

[her] and knocked her to the floor."  Am. Compl. [18] ¶ 11.  Moody sought wide-ranging

discovery from Defendants on all "incidents of customer or employee injury by falling boxes or

merchandise on WALMART INC.'S PREMISES" occurring the decade before her injury.  Reqs.

for Produc. of Docs. [97-4] at 6.  The request encompassed all Wal-Mart stores in the United

States, *id.*, and she also sought documentation regarding other incidents going back as far as

1989, *see id.* at 3; Defs.' Resp. [106] at 3.

The scope of requested discovery was obviously overbroad and disproportionate.  So,

when Moody moved to compel and Defendants moved for a protective order, the magistrate

judge ruled that Moody was entitled to discovery "regarding similar incidents of falling boxes or

merchandise at the store in question [Gulfport] which occurred during the 5 years preceding the subject incident." Order [66] at 1–2.

Dissatisfied with this ruling, Moody filed an objection under Federal Rule of Civil Procedure 72(a). On appeal, this Court found that Moody's requests exceeded the scope of discovery and concluded that the magistrate judge's ruling was not "clearly erroneous or . . . contrary to law." Order [114] at 3 (quoting Fed. R. Civ. P. 72(a)). Notably, the Court recognized Moody's desire for additional discovery regarding "factually similar falling-object incidents at other Mississippi stores." *Id.* at 7. But because "it appear[ed] that Wal-Mart ha[d] already identified those incidents," the Court concluded that there was no error in limiting further discovery of those incidents. *Id.*

Moody says that was a mistake and now urges the Court to reconsider its holding under Federal Rule of Civil Procedure 60(b)(2). Specifically, she asks the Court to "allow Plaintiff to conduct discovery and inquire into the twelve prior similar incidents of falling boxes at Wal-Mart stores in Mississippi to establish the foreseeability of Plaintiff's injury." Pl.'s Mot. [115] at 5. Wal-Mart opposes the motion.[1]

II.    Standard

Moody filed her motion under Rule 60(b)(2), which allows reconsideration based on "newly discovered evidence." Wal-Mart says no such evidence exists, so the motion must be denied on that basis alone. But motions to alter or amend interlocutory orders are considered under Federal Rule of Civil Procedure 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). That rule provides that "any order . . . that adjudicates fewer than all the claims or the

---

[1] For future reference, Plaintiff filed this motion without a separate supporting memoranda as required by Uniform Local Civil Rule 7. The parties are instructed to follow that rule in future motion practice.

rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities."

"Whether to grant [a Rule 54(b) motion] is a matter left to the trial court's discretion."

*Davis v. Hinds Cnty.*, No. 3:16-CV-674-DPJ-FKB, 2018 WL 2014694, at *5 (S.D. Miss. Apr.

30, 2018) (citing *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014)).  And

unlike Rule 60(b)(2), "under Rule 54(b), 'the trial court is free to reconsider and reverse its

decision for any reason it deems sufficient, even in the absence of new evidence.'"  *Cabral*, 853

F.3d at 766 n.3 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th

Cir. 1990)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14

(5th Cir. 1994) (en banc)).

III.    Analysis

The current dispute focuses on 12 allegedly similar incidents occurring at other Wal-Mart

locations in Mississippi in the five years before Moody's alleged injury.  Those 12 were among

310 incidents in Mississippi that Wal-Mart identified when it produced a claims run sheet.  *See*

Claims Run Sheet [101-1].  Whether additional discovery of these 12 incidents is proper has

always been a close call.  But based on events following the Court's ruling—along with the

parties' current arguments—the Court now concludes that some additional discovery should be

allowed.

For starters, Wal-Mart claims that the discovery is neither relevant nor proportionate.  *See*

Defs.' Resp. [117] at 1.  Those points were clearly correct as to Moody's original discovery

requests, but the issues have been refined since the magistrate judge's ruling.  Working

backwards, a proportionality argument makes sense when a party in a premises-liability case

seeks nationwide discovery covering three decades of incidents—including events that were not

substantially similar.  But even before the magistrate judge's ruling, Wal-Mart produced the claims run sheet that identified 12 incidents in Mississippi that Moody believes were similar. Moody now focuses on those incidents, and the burden of providing additional information on a dozen events from the same state is not enough to deny discovery.

As to relevance, Moody says further discovery about other falling-object incidents in Mississippi Wal-Mart stores is critical to her ability to establish the essential elements of her premises-liability case.  To prevail on that claim, she

> must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000).

Under the second approach, "evidence of prior acts or accidents" may be admissible "for the purpose of showing a dangerous condition and notice thereof."  *Hartford Ins. Grp. v. Massey*, 216 So. 2d 415, 417 (Miss. 1968).  But such evidence is admissible only if "the former accidents . . . 'happened under substantially the same circumstances' as the subject accident."  *Bonner v. Imperial Palace of Miss., LLC*, 117 So. 3d 678, 687–88 (Miss. Ct. App. 2013) (quoting *Massey*, 216 So. 2d at 417).  Thus, the other Mississippi incidents could be admissible if substantially similar.

Wal-Mart offers a few arguments in response.  First, it says Moody does not need this evidence because she can prove her case under the first approach if she shows a negligent act by Wal-Mart that caused her injury.  Indeed, Wal-Mart states that it "has previously acknowledged 'that boxes which are stacked in an unstable manner potentially could fall while being moved through a store.'"  Defs.' Resp. [117] at 4 (citing Defs.' Resp. [106] at 2).  But Wal-Mart is not entitled to pick which theory Moody may pursue.  The question instead is whether she is seeking

4

"discovery regarding any nonprivileged matter that is relevant to [her] claim . . . and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  And here, the evidence she seeks is relevant to a recognized liability theory.  *See Anderson*, 771 So. 2d at 918.

Wal-Mart also notes that the other falling-object incidents occurred at other Wal-Mart stores, whereas the Court has limited discovery to the subject location.  Defs.' Resp. [117] at 4. That may be true, but Moody has offered evidence that the relevant policies are not established at the Gulfport location.  *See* Pl.'s Reply [118] at 2.

Of course, most of this was true when the Court denied Moody's appeal of the magistrate judge's ruling.  Such appeals rarely garner much traction because "[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).  Moreover, a party appealing under Rule 72(a) must show the ruling was "clearly erroneous or . . . contrary to law."  Under these tall standards, the Court previously concluded that the magistrate judge's ruling should stand.

But a few things happened after that holding.  Primarily, Moody conducted a Rule 30(b)(6) deposition during which the 12 other incidents came up, and the parties disputed the extent to which Moody could ask about them.  The parties describe that questioning in different ways, but Wal-Mart's designee was asked:  "Is Wal-Mart aware of prior customer injuries that were caused by falling boxes?"  Rule 30(b)(6) Dep. [115-1] at 3.  Objections followed based on the Court's ruling regarding the scope of discovery, and the designee then answered:  "I'm aware about falling merchandise at my facility [Gulfport].  This was the very first incident in my facility since we only opened in 2015 that we had had the falling merchandise."  *Id.* at 3–4.

There was nothing inherently wrong with or deceptive about that response, but it highlights why some additional discovery is necessary. Moody's counsel asked whether "*Walmart* is aware" of similar incidents, and its representative limited the company's response to the Gulfport store. *Id.* at 3 (emphasis added). That response is consistent with Wal-Mart's objections during the deposition and its arguments in the present briefing, all of which suggests that Wal-Mart believes any incidents at other locations would be irrelevant, *ergo* inadmissible. *See, e.g.*, Defs.' Resp. [117] at 1; *see also id.* at 2 (noting that the 12 incidents did not occur in Gulfport).

That was not the Court's intent. As noted above, the Court affirmed the magistrate judge's decision to limit discovery to the Gulfport location in part because Wal-Mart had already identified what appeared to be similar incidents in other Mississippi stores. Order [114] at 7. In other words, it appeared that Plaintiff already had available information to suggest that Defendants were on notice that injuries like this could happen.

The objections at the deposition and additional briefing also suggest that Wal-Mart may attempt to exclude this evidence at trial. It could do so, for example, by arguing that the other events were not substantially similar enough to be probative. *Bonner*, 117 So. 3d at 687–88. If that happens during trial, neither Moody nor the Court would have enough information to know whether the events are similar or dissimilar.

Accordingly, the magistrate judge's ruling is now modified as follows: The holdings as to Request for Production No. 13 and deposition Topic No. 17 are expanded to include the 12 Mississippi incidents about which Moody seeks further discovery. To be clear, the Court is not opening full-blown discovery of these collateral occurrences. Within the confines of Request for Production No. 13 and Topic No. 17, Moody may discover whether these 12 incidents were

substantially similar to hers and, if so, whether they put Wal-Mart's relevant policymakers on notice of a dangerous condition.  Given the age of this case, the extended discovery deadlines, and the proportionality factors under Rule 26(b)(1), no additional discovery will be permitted on this subject.

Finally, allowing this discovery does not suggest that it will be admissible; under Rule 26(b)(1), "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable."  Here, the discovery is necessary to make an informed decision on admissibility.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Motion for Relief from Order [115] is granted to the extent addressed above.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE