UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HANNAH MOODY                                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:19-CV-537-DPJ-FKB

WALMART, INC.                                                                                   DEFENDANT

ORDER

Plaintiff Hannah Moody sued Walmart for injuries she says she sustained in the Walmart Neighborhood Market in Gulfport, Mississippi. A four-day jury trial was held in November 2022, and the jury returned a verdict in favor of Walmart. Moody now asks the Court to order a new trial. Mot. [224]. As explained below, her motion is denied.

I.  Facts and Procedural History

As stated in the Order ruling on Walmart's summary-judgment motion,

> Close to midnight on September 3, 2016, Moody went to Walmart to purchase cookie dough. She headed directly to the refrigerated-goods aisle, noting that Walmart employees were stocking shelves throughout the store. After studying her cookie-dough options for [five to six] minutes, suddenly and without warning, she found herself "on [her] back, sitting on the cookie dough" with one box on her chest, one on her leg, and several boxes lying on the ground nearby. Moody Dep. [156-3] at 205.
>
> The boxes apparently fell from a pallet jack that former Walmart employee Tony Ortega pulled past Moody. The pallet jack was loaded with boxes of frozen bakery items Ortega was moving from the back of the store to the deli/bakery section.

Order [183] at 1.

Before trial, Moody filed a consolidated motion in limine; relevant here, it sought to exclude "any testimony, evidence or argument that Plaintiff allegedly used marijuana or tested positive for THC as irrelevant, confusing, and potentially misleading." Mot. [187] at 6. The page-and-a-half of her motion dedicated to this topic cited no cases, relying only on Mississippi

Rules of Evidence 401 and 403.  Walmart's response likewise cited no cases, but it noted that Moody "admitted in her deposition that she had been smoking marijuana before the incident at Walmart and, in fact, had been smoking marijuana for four or five years."  Def.'s Resp. [195] at 5–6 (citing Moody Dep. [195-1] at 75–76).

Moody did not file a reply or rebut Walmart's characterization of her deposition testimony about her marijuana use.  Her counsel did, however, revisit the motion during the pretrial conference by asking the Court to read *Accu-Fab & Construction, Inc. v. Ladner*, where the Mississippi Supreme Court held that a state trial court did not abuse its discretion by excluding a positive marijuana test in a personal-injury case.  778 So. 2d 766, 767 (Miss. 2001), *overruled on other grounds by Mack Trucks, Inc. v. Tackett*, 841 So. 2d 1107 (Miss. 2003).  The Court considered that case as requested and compared it to *Abrams v. Marlin Firearms Co.*, where the Mississippi Supreme Court affirmed a trial court's admission of evidence that the plaintiff consumed alcohol before he accidentally shot himself, finding the evidence "probative as to [the plaintiff's] credibility, his recollection of the accident since there were no other witnesses, and his contributory negligence."  838 So. 2d 975, 980 (Miss. 2003).

Although those cases are non-binding, this Court's Order noted the difference:  In *Ladner*, "there was no evidence that the levels reflected in the blood test would cause impairment," whereas in *Abrams*, "[a] witness found empty and full beer bottles in [the plaintiff's] car and testified that he smelled alcohol on his breath."  Order [205] at 8.  The Court found that

> [t]his case is more like *Abrams*.  When asked if she smoked marijuana "before the incident at Wal-Mart," Moody eventually said, "Yeah."  Moody Dep. [195-1] at 76.  And other evidence circumstantially suggests she was impaired at the time of the incident:  (1) she was at the store near midnight for cookie dough; (2) she stood staring at the cookie dough for five to six minutes before the accident; and (3) she cannot recall many of the relevant details.  *See* Moody Dep. [156-3] at

2

> 197–99[,] 204–05. There is at least a jury question whether she was impaired. If so, it would speak directly to her credibility as a witness to the disputed events and whether she contributed to cause them. Her use of marijuana is highly probative and not so unfairly prejudicial to preclude its admission under Rule 403.

*Id.* at 9. The Court thus denied Moody's motion in limine to the extent it sought to exclude evidence of marijuana use on the night of the accident, but the Court excluded evidence of marijuana use on other occasions documented in Moody's medical records. *Id.* at 10–11.

The Court entered that ruling on February 28, 2022. Moody never moved for reconsideration, did not renew her objection at trial, and made no contemporaneous objections to evidence of marijuana use during trial. Instead, she waited until after a four-day jury trial and the entry of judgment in Walmart's favor to revisit this evidentiary issue. This time, she argued that admitting evidence of her alleged history of drug use violated Federal Rule of Evidence 404(b), asserting that Walmart used that history as character evidence to prove she consumed marijuana on the night of the incident.[1] She then expanded her arguments in her new-trial reply.

Because Moody had never mentioned Rule 404(b) before the verdict, the Court requested additional briefing on two subjects: "(1) the extent to which [the Court] should consider these new arguments and (2) if it does, how a failure to contemporaneously object affects the standard of review under Rule 59." Order [229] at 2. Both parties responded.

II.   Standard

"After a jury trial, a court may grant a motion for a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 417 (5th Cir. 2020) (quoting Fed. R. Civ. P. 59(a)(1)(A)). "A district court can grant a new trial if it finds 'the verdict [was] against the

---

[1] Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

3

weight of the evidence, the damages awarded [were] excessive, the trial was unfair, or prejudicial error was committed in its course.'" *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Jordan*, 977 F.3d at 417 (quoting *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999)).

III. Analysis

    A. Waived Arguments

The first question is whether Moody's pretrial motion in limine preserved her current arguments. Federal Rule of Evidence 103(a) states:

> A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>
>     (1) if the ruling admits evidence, a party, on the record:
>
>         (A) timely objects or moves to strike; and
>
>         (B) states *the specific ground, unless it was apparent from the context* . . . .

(emphasis added). Rule 103(b) adds that "[o]nce the court rules definitively on the record—either before or at trial—a party need not renew an objection . . . to preserve a claim of error for appeal." But "[a] loosely formulated and imprecise objection will not preserve error. Rather, a trial court judge must be fully apprised of the grounds of an objection." *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998) (citing *United States v. Waldrip*, 981 F.2d 799, 804 (5th Cir. 1993)); *see also Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) ("Objections lacking specificity do not satisfy the requirements of Rule 103.").

4

Moody expressly stated in her motion in limine that the marijuana evidence should be excluded under Rules 401 and 403. Pl.'s Mot. [187] at 5. She now says that argument preserved all objections to evidence of marijuana use. For example, she states that "[b]ecause the inadmissibility of Plaintiff's marijuana use was brought to the Court's attention through a pretrial motion in limine, this issue is not new, and a contemporaneous objection was not necessary to preserve the issue." Pl.'s Supp. Mem. [230] at 11. But to preserve an objection, she was required to identify the "specific ground" for that objection. Fed. R. Evid. 103(a)(1)(B).

For example, in *United States v. Lewis*, the defendant argued at trial that certain evidence would be prejudicial under Rule 403 but argued on appeal that the evidence would be prejudicial for a different reason under Rule 403. 796 F.3d 543, 546 (5th Cir. 2015). Even though the defendant cited the same rule before and after trial, the Fifth Circuit held that "he never presented the argument he raise[d] on appeal" and "[t]here was no reason for the district court to brainstorm additional ways in which the uncharged evidence might be substantially more unfairly prejudicial than probative." *Id.* (holding that objection was not preserved under Rule 103(a)). When Moody objected exclusively—and expressly—under Rules 401 and 403, she failed to put the Court on notice that it should consider her objection under Rule 404(b).

Moody also says "[i]t cannot be credibly argued that Plaintiff's marijuana use was a new issue when this issue was addressed squarely by the Court in response to a pre-trial motion brought by Plaintiff." Pl.'s Supp. Mem. [230] at 2. She further asserts that the Court's pretrial ruling "blessed" Walmart's argument that her "prior marijuana use circumstantially suggested that she was high on the night of the incident." *Id.* at 8.

The Court did no such thing. There was no reason to address Rule 404(b) in the Court's order because neither party touched the issue in their pretrial briefs. Instead, the Court allowed

5

evidence that Moody might have been impaired that night because it would speak to causation and her ability to recall what happened. Order [205] at 9. When the Court listed evidence suggesting impairment on the night of the incident, it did not mention drug use on other occasions. *Id.* So like the district court in *Lewis*, this Court addressed the objected-to evidence based on the arguments Moody presented. The Court simply never considered Rule 404(b) because Moody never asked it to.

Moody gets a little closer to a specific objection when she correctly notes that her motion in limine said "[a]ny suggestion that Plaintiff is a bad patient or the type of person who irresponsibly uses marijuana is improper." Pl.'s Supp. Mem. [230] at 1 (citing Pl.'s Mot. [187] at 2, 5–6). Moody likens those statements to the motion in limine filed in *United States v. Lucas*, where the defendant—Lucas—argued that evidence was "not relevant, constitute[d] an inadmissible *bad act* not resulting in a conviction and [was] highly prejudicial to Defendant." 849 F.3d 638, 642 (5th Cir. 2017) (emphasis added).

*Lucas* demonstrates why Moody's argument fails. Though Lucas did not cite Rule 404(b), the bad-act language he used was "a direct reference to Rule 404(b)'s prohibition on '[e]vidence of a crime, wrong, or other act.'" *Id.* at 643 (quoting Fed. R. Evid. 404(b)). The Fifth Circuit said that was enough, noting that Rule 103(a)(1)(B)'s specificity requirement is satisfied where the ground for the objection is "apparent from the context." *Id.* The court further noted that its own cases used "similar language of 'prior bad acts' to describe the type of evidence that is barred by Rule 404(b)." *Id.* (citing *United States v. Clark*, 582 F.3d 607, 616 (5th Cir. 2009) ("Evidence of prior bad acts is admissible if relevant for a Rule 404(b) permissible purpose and not unduly prejudicial under Rule 403 balancing.")). So, while Lucas may not have cited Rule 404(b), he made the context clear.

Moody did neither. She never mentioned Rule 404(b), did not use its buzz words, and offered no analysis under that rule. While she did say Walmart wanted to paint her as a bad patient or irresponsible drug user, the very next sentence of her motion explained why she thought such arguments would be improper: "The *only* reason to offer *such* evidence would be to inflame the jury and potentially mislead the jury." Pl.'s Mot. [187] at 6 (emphasis added). Moody never hinted—as she now argues—that evidence of drug use on other dates was inadmissible under Rule 404(b) because it might show "she acted in conformity with that character on the night of her injury." Pl.'s Supp. Mem. [230] at 11. Instead, she framed the issue as follows: "Any evidence regarding Ms. Moody using marijuana or testing positive for THC is inadmissible pursuant to Rule 401 as irrelevant and should further be excluded by Rule 403 as it is likely to highly confuse the issues and mislead the jury." Pl.'s Mot. [187] at 5. This case is like *Lewis*, not *Lucas*.[2]

In short, Moody neither cited Rule 404(b) nor offered any argument under that rule. If she truly believed her motion in limine put the Court on notice of that specific objection (and the Court ignored it), she could have filed a motion for reconsideration or revisited the issue at trial.

---

[2] Even assuming the Court should have construed the bad-patient reference as a Rule 404(b) argument, the most natural context for that argument would relate to the evidence of Moody's drug use found in her medical records, evidence the Court excluded anyway under Rule 403. Specifically, Dr. Michael Shrock saw Moody for back pain and noted that he would not prescribe narcotics because Moody was breastfeeding and tested positive for THC. *See* Order [205] at 8 (citing Record [187-2]). Moody sought to exclude that statement and all other references to marijuana in her medical records. Though Walmart argued that the evidence was relevant to Moody's post-accident treatment and failure to mitigate, the Court agreed with Moody and excluded the evidence under Rule 403. *Id.* at 9. So, to the extent the bad-patient reference might have suggested a Rule 404(b) argument regarding the medical records, there is no prejudice because the Court granted Moody's motion. Moreover, the Court would not have excluded the evidence in that context under Rule 404(b) because that rule deals with extrinsic evidence. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (noting that "[t]he admissibility of extrinsic evidence is governed by Fed. R. Evid. 404(b)"). The impact marijuana use had on Moody's medical treatment would have been intrinsic to issues before the jury.

The Court concludes that as to Moody's Rule 404(b) objection, she failed to "state[] the specific ground" or offer argument that made the context "apparent." Fed. R. Evid. 103(a)(1)(B).

While the Rule 404(b) objection dominated Moody's opening new-trial memorandum, it is not the only new argument. To begin, Moody argues that Walmart "misrepresent[ed] Ms. Moody's admissions of marijuana use in closing." Pl.'s Supp. Mem. [230] at 6. Specifically, Moody takes issue with Walmart's argument that when asked whether she used it that night, Moody said, "I don't know, I don't remember if we were—she didn't deny it." Pl.'s Reply [228] at 2 (quoting Tr. [228-3] at 8–9). Moody most forcefully asserted that argument in her motion-for-new-trial reply and again in her supplemental memorandum, filed after the Court requested additional briefing on whether she had waived the Rule 404(b) arguments. *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs.") (citation omitted). Regardless, she never objected to the alleged misrepresentations at trial, and her motion in limine could not have anticipated the alleged misrepresentation during closing argument (assuming there was one, which is not readily apparent).[3]

Moody raises other new arguments. For example, she offers a section in her reply arguing that "[c]ircumstantial evidence of impairment is insufficient to justify the suggestion of drug . . . use on the day of the incident." Pl.'s Reply [228] at 4. She supports that argument with a 2021 study pulled from the internet indicating that there are "no scientifically-based [sic] thresholds for marijuana intoxication" thus the circumstantial evidence in this case is not a

---

[3] As part of that same portion of the closing argument, Walmart's counsel denied using the evidence to taint Moody's character, stating, "[T]hey are trying to say, oh, [Walmart is] making her a bad person. They are missing the whole point. I don't care if she smokes marijuana or not. I don't think it makes her a bad person, don't care. That's not what it is about. It is about whether it is why she can't meet her burden." Tr. [228-1] at 3.

"competent indication[] of impairment." *Id.* at 6. These arguments could have been specifically expressed before judgment, and they are more directly stated and supported in the new-trial reply. She also argues that the marijuana-use evidence is cumulative of other evidence attacking her credibility. *See id.* at 8. That's new too, but assuming, for argument's sake, that she could not foresee the cumulativeness objection before trial, she should have objected on that basis during trial. *See Lewis*, 796 F.3d at 546. Or, she should have addressed it in her motion for a new trial, which hardly mentioned Rule 403 issues.

      The next question is how the Court should address the new arguments and unpreserved objections. "A motion for a new trial or to amend a judgment cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (quoting *Garriott v. NCsoft Corp.*, 661 F.3d 243, 248 (5th Cir. 2011)); *accord Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 232 (5th Cir. 2020). Moreover, losing parties are "barred 'from urging [ ] improper arguments as grounds for a new trial after the jury had returned its verdict.'" *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988) (quoting *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 69 (1st Cir. 1984)) (reversing order granting post-trial relief based on objections to closing arguments because party failed to make contemporaneous objection and was "barred" from raising objections post-trial).

      As the Fifth Circuit has noted, allowing a party to sit on their hands at trial and then object only when disappointed with the verdict "would transform the trial court into a trial run." *Garriott*, 661 F.3d at 248. The Court concludes that its review of Moody's Rule 59 motion will be limited to the arguments she made before judgment.

B.     Preserved Objections

As to the arguments Moody did preserve, a new trial is not warranted.  To begin, the Court incorporates its pre-trial analysis on the marijuana-evidence issue but with one caveat.  Moody argues that the Court's ruling in limine adopted Walmart's mischaracterization of her testimony about marijuana use the night of the incident.  Walmart had argued that she "admitted in her deposition that she had been smoking marijuana before the incident at Walmart and, in fact, had been smoking marijuana for four or five years."  Def.'s Resp. [195] at 5–6 (citing Moody Dep. [195-1] at 75–76).  Moody has a point; the deposition testimony is weaker than what the Court perceived.  But, if she thought Walmart mischaracterized her testimony, she should have filed a reply.  Regardless, there was other evidence upon which the Court based its ruling, and Walmart has since highlighted additional evidence from trial.  So, while Moody has considerably beefed up her arguments from the minimal statements offered before judgment, the Court concludes that admitting the evidence fell within its discretion.

But even if an error occurred, the Court still finds no basis for a new trial.  Whether due to marijuana use or not, Moody could not recall what happened at Walmart and failed to establish negligence.  The jury heard a recorded interview conducted just after the accident in which Moody admitted that she did not know what caused the boxes to fall.  She assumed they were not stacked correctly and characterized that as just a wild guess.  Then, on cross-examination, she repeatedly agreed that she had no evidence proving Walmart caused the accident. "[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent."  *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994).  Evidence regarding marijuana use did not change the fact that Moody could not remember—or

did not know—what happened and failed to prove Walmart breached its duties. The cause of the accident remains a mystery.

Moody faces an even bigger problem: The potential prejudice caused by sporadic references to marijuana use during this four-day trial pales in comparison to the other hits to her credibility. As she herself notes, "Defendants provided this Court with a list of inconsistent statements made by Ms. Moody that have nothing to do with marijuana." Pl.'s Reply [228] at 8 (citing Def.'s Resp. [227] at 3–4). That's true. Walmart listed nine *topics* about which the jury received damaging testimony and exhibits. For example, Moody's own doctor recorded that she was "building a case against Walmart." Def.'s Resp. [227] at 3. And Moody herself repeatedly admitted on cross examination that her prior statements were false. That cross examination lasted the better part of a day and was devastating; a reasonable jury could have concluded that she repeatedly lied to advance her claim. Given the number of false statements and inconsistencies to which she admitted, the brief references to marijuana use did not further impair her credibility or create prejudicial error.

Moody also argues that the prejudicial effect of erroneously admitting the marijuana evidence was "especially compelling here where the character evidence related to one of the critical issues in the case, i.e., the contributory negligence of [Moody.]" Pl.'s Mot. [224] at 9 (quoting *Reyes v. Mo. Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979)). But Moody had the burden of proving that Walmart acted negligently, and the jury concluded that she failed to do so. That verdict was well supported by the evidence. *Smith*, 773 F.2d at 613.

As a final note, it is possible the evidence of marijuana use could have properly reached the jury in another way. The Court granted Moody's motion to exclude the positive marijuana test in her medical records under Rule 403 because it suggested that she was using while

breastfeeding. Order [205] at 9. But the Court also acknowledged Walmart's argument that the evidence was relevant to Moody's treatment and mitigation and therefore did "not rule out the possibility that the marijuana use might become admissible" if not "coupled with breastfeeding." *Id.* The issue was not revisited at trial, but the medical records may well have reached the jury without violating Rule 403 if the breastfeeding references were removed. And, as noted, Rule 404(b) would not address intrinsic evidence. *See supra* n.2.

In short, Moody had the burden of proving Walmart's negligence and failed to do so; she simply does not know what happened that night. Plus, her credibility was severely damaged already. The Court therefore finds that Moody has not met her burden to show that any erroneously admitted evidence prejudiced her case or that "substantial justice has not been done." *Jordan*, 977 F.3d at 417.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Moody's Motion for New Trial [224] is denied.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2023.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE